UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRANDON LOMAX, )
)
        Petitioner, )
)
        v. ) No. 1:17-cv-00943-SEB-DML
)
UNITED STATES OF AMERICA, )
)
        Respondent. )

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying a Certificate of Appealability**

For the reasons explained in this Entry, the motion of Brandon Lomax for relief pursuant to 28 U.S.C. § 2255 must be **denied** and this action **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II. Factual Background

On October 23, 2013, Mr. Lomax was charged in a multi-count multi-defendant indictment. Mr. Lomax was charged in count one with conspiracy to distribute 1,000 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 846. Counts two through nine charged Mr. Lomax with distribution of heroin in violation of 21 U.S.C. § 841(a)(1). Count 21 charged Mr. Lomax with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The United States had previously filed an information pursuant to 21 U.S.C. § 851(a)(1), which charged that Mr. Lomax had two prior felony controlled substance convictions.

A nine day jury trial was held from January 29 to February 10, 2014. The jury found Mr. Lomax guilty of all counts. On November 21, 2014, Mr. Lomax was sentenced to life imprisonment (life on count one; thirty years each on counts two through nine, and fifteen years on count 19, all counts to run concurrently) to be followed by ten years of supervised release. Mr. Lomax was also assessed a special assessment of $1000. The Court entered judgment on December 2, 2014.

Mr. Lomax appealed his conviction and sentence. On March 8, 2016, the Seventh Circuit upheld his conviction and sentence, finding that the evidence was sufficient to establish conspiracy and that there was no error in the district court's finding that he had two prior drug convictions, which enhanced his mandatory minimum sentence to life imprisonment. *See United States v. Lomax, et al.*, 916 F.3d 468 (7th Cir. 2016).

On March 27, 2017, Mr. Lomax filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 alleging that he received ineffective assistance of counsel during trial and claiming that *Johnson v. United States*, 135 S. Ct. 2551 (2015), required modification of his sentence.

## III. Discussion

Mr. Lomax seeks relief arguing: (1) ineffective assistance of counsel for failing to request that the court conduct an inquiry of the jury when counsel became aware of potential juror bias; and (2) based on *Johnson*, he is no longer an armed career criminal or a career offender, and his sentence is therefore unconstitutional. The United States argues that trial counsel was not ineffective and that *Johnson* offers Mr. Lomax no sentencing relief.

### A. Failure to Notify Regarding a Juror's Fear

Mr. Lomax argued he received ineffective assistance of counsel when his attorney, Mr. Richard L. Ford, failed to notify the court and seek an inquiry of the jury after he became aware that the entire jury told the government that they were in fear for their personal safety and wanted security escorts to and from their vehicles each day of trial.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). To satisfy the first prong of the *Strickland* test, Mr. Lomax must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, Mr. Lomax must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

"The Sixth Amendment of the United States Constitution guarantees the bedrock principle of trial by an impartial jury." *United States v. Blitch,* 622 F.3d 658, 664 (7th Cir. 2010) (citing

*Skilling v. United States*, 561 U.S. 358 (2010)). Absent some real showing otherwise, a jury is presumed to be impartial. *See, e.g., United States v. Siegelman,* 640 F.3d 1159, 1182 (11th Cir. 2011); *United States v. Ruggiero,* 56 F.3d 647, 652 (5th Cir. 1995); *see also Murphy v. Florida,* 421 U.S. 794, 798 (1975). "[C]ourts face a delicate and complex task whenever they undertake to investigate reports of juror misconduct or bias during the course of a trial . . . . any such investigation is intrusive and may create prejudice by exaggerating the importance and impact of what may have been an insignificant incident." *Blitch*, 622 F.3d at 665 (citing *United States v. Abrams*, 137 F.3d 704, 708 (2d Cir. 1998)).

On this issue, Respondent attached a declaration from Michelle Brady, Assistant United States Attorney, explaining that the issue had been raised with the Court during trial. "During the trial, it was brought to the attention of the Court that a juror requested an escort to her vehicle, because a spectator in the courtroom made her nervous." Dkt. 7 at 2. The Court held a sidebar and "all counsel were consulted about whether they wanted an inquiry made of the jurors." *Id*. The three defense attorneys decided that "they did not want that inquiry, for the reason that it would draw more attention to the issue, which they thought would harm their clients." *Id.* "The decision, made by defense attorney Rick Ford [counsel for Mr. Lomax], speaking on behalf of all three defendants was that they did not want that inquiry, for the reason that it would draw more attention to the issue, which they thought would harm their clients." *Id.*

Mr. Ford's strategic decision not to inquire further so as not to draw more attention to the issue is subject to the strong presumption that Mr. Ford's conduct was within the range of reasonable professional assistance. Mr. Lomax fails to overcome that presumption or to specifically identify any prejudice he might have suffered as there is nothing to show that the juror was biased or prejudiced. Pursuing the issue may have actually created prejudice by "exaggerating

the importance and impact of what may have been an insignificant incident." *See Blitch*, 622 F.3d at 665.

"[W]hen an attorney articulates a strategic reason for a decision, the court defers to that choice." *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005); *see also Strickland*, 466 U.S. at 690-91. "If an attorney's decision was sound at the time it was made, the decision cannot support a claim of ineffective assistance of counsel." *Id.* (citing *Winters v. Miller*, 274 F.3d 1161, 1166 (7th Cir. 2001)). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

Thus, Mr. Ford's decision to not pursue the juror issue was a reasonable strategy decision and not ineffective assistance of counsel.

*B.     Johnson*

Mr. Lomax argues that his sentence is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015), because he is no longer an armed career criminal. *Johnson* held that a portion of the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") was unconstitutional.

While Mr. Lomax was sentenced as a career offender under U.S.S.G. § 4B1.2(a)(2) and as an armed career criminal pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, his ultimate sentence did not rely on a finding that he was an armed career criminal. In computing his offense level for counts one through nine, conspiracy to distribute heroin and distributing heroin, Mr. Lomax had an adjusted offense level of 42. His conviction as a felon in possession of a firearm resulted in an adjusted offense level of 28. *United States v. Lomax, et al.*, No. 1:12-cr-00189-SEB-

MJD-1 (hereinafter "Cr. Dkt."), dkt. 430 at 10-11. Based on his criminal history, Mr. Lomax was found to be a career offender under U.S.S.G. § 4B1.2(a)(2), resulting in an offense level of 37. *Id.* at 11. Based on his three prior convictions for a violent felony or serious drug offense, he was found to be an armed career criminal pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, resulting in an offense level of 34. Because the guidelines direct the use of the greatest offense level, the calculation of 42 from counts one through nine was the determinative number used. Based on his criminal history category of VI and a total offense level of 42, the guidelines range was imprisonment for 360 months to life. Additionally, the statutory term of imprisonment for count one is life. Mr. Lomax was ultimately sentenced to life in prison on count one.

During the sentencing hearing, whether he qualified as an armed career criminal was not an issue even mentioned or relied upon. *See* Cr. Dkt. at 477. Nor was it relied upon that he is a career offender under U.S.S.G. § 4B1.2(a)(2). *Id.* Because Mr. Lomax's sentence did not depend on a finding of being a career offender or an armed career criminal, *Johnson* does not apply to Mr. Lomax's sentence.

## IV. Conclusion and Certificate of Appealability

For the reasons explained in this Entry, Mr. Lomax is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel and his sentence is not unconstitutional. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:12-cr-189-SEB-MJD-1.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Lomax has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the

denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

    **IT IS SO ORDERED.**

Date: 3/9/2018

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRANDON LOMAX
11133-028
MCCREARY - USP
MCCREARY U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
PINE KNOT, KY 42635

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov